¶ 22. I concur in result only in this case. I write to briefly explain my differences as to the analysis of the issue of whether the failure to raise the alleged Miranda
violation barred a subsequent challenge on appeal to the taped interview of the defendant. With respect to the defendant's taped interview, the majority recognized that the defendant failed to object to the admission of the evidence at trial and, therefore, waived his ability to appeal this issue. However, the majority continues to state that since the challenge involved a fundamental right, this Court would determine if the admission of the interrogation constituted plain error.
 ¶ 23. I write separately to express my disagreement to evaluating this issue under the plain-error doctrine. The plain-error doctrine, in my view, has no role in the analysis of the issues and facts in this particular case. In this case, the defendant not only failed to assert either a motion to suppress or an objection to the admission of the taped interview, the defense also agreed to the admission of the interview at trial. The defendant gained *Page 270 
the strategic benefit at trial of having his statement via the taped interview, containing his theory of the case, i.e., accidental shooting, presented to the jury without having to testify and being subjected to cross-examination. Plain error should not apply where an error at trial arguably worked to a defendant's advantage.
 ¶ 24. To preserve the issue as to an allegedMiranda violation, the defendant should have asserted a motion to suppress or raised an objection at trial at the time of the admission of the interview. Constitutional issues not raised at trial are waived for purposes of appellate review. Cook v. State, 825 So.2d 678, 683 (¶ 10) (Miss.Ct.App. 2002). The defendant chose not to raise the issue until after the conclusion of the trial which resulted in an outcome adverse to him after previously agreeing to the admission of the taped interview during trial. Thus, the issue was waived and is procedurally barred. See, e.g., Hoops v.State, 681 So.2d 521, 536 (Miss. 1996). To address this issue under the plain-error doctrine is inappropriate under the circumstances of this case.
GRIFFIS AND ROBERTS, JJ., JOIN THIS SEPARATE OPINION.